**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARY TURNER,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No.: PJM 04-3374** |
| **BENGAL M. CORPORATION,** | * | |
| **doing business as Ledo Pizza,** | | |
| **et al.** | * | |
| **Defendants.** | ****** | |

## MEMORANDUM OPINION

Pursuant to the referral of this case to me for consideration of discovery disputes, this Court has received Plaintiff's Motion for Extension of Time to File Her Rule 26(a)(2)(B) Report Out of Time ("Plaintiff's Motion") (Docket Item No. 39) and Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion for Extension of Time to File Her Rule 26(a)(2)(B) Report Out of Time ("Plaintiff's Motion to Strike") (Docket Item No. 44). The Court has reviewed Plaintiff's Motions and the related memoranda. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court hereby GRANTS IN PART Plaintiff's Motion and GRANTS Plaintiff's Motion to Strike.

### I.  Background

This action arises from Plaintiff's employment with Defendant Bengal M. Corporation ("Defendant Ledo"). She brings several allegations pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination based on sexual harassment, hostile work environment, disparate treatment in terms and conditions of employment, negligent retention and supervision, and intentional infliction of emotional distress. Plaintiff alleges, among other things, that she

was grabbed, groped, touched and kissed by Defendant Rahman, an employee of Defendant Ledo.

This Court entered a scheduling order on January 5, 2007, requiring Plaintiff to file her expert disclosures no later than March 6, 2007.  (Docket Item No. 33.)  The order stated that "the schedule will not be changed except for good cause."  Plaintiff now asks this Court to extend the deadline for filing of such disclosure.  In support of her request, Plaintiff contends that she had in the past "earnestly believed that she had found a way to deal with this matter" and that it was not until a recent face-to-face meeting with Defendant Rahman that she realized that her emotions were unresolved without medical intervention.  She is presently seeking professional intervention.  Plaintiff asserts that the extension of this deadline will not prejudice Defendants, as neither party has begun discovery.  Plaintiff also consents to an extension of Defendants' Rule 26(a)(2) disclosure deadline.  In sum, Plaintiff contends these factors amount to good cause.

**II.  Discussion**

A.  <u>Plaintiff's Motion to Strike</u>

Any opposition to Plaintiff's Motion was to be filed no later than April 16, 2007. Defendant Ledo filed an opposition on April 23, 2007, one week late.  Plaintiff moves to strike Defendant Ledo's opposition as untimely filed.  Defendant Ledo provided no justification for the late filing of its opposition Plaintiff's Motion and has not opposed Plaintiff's Motion to Strike. In the absence of any opposition, the Court hereby GRANTS Plaintiff's Motion to Strike, and will not consider Defendant Ledo's arguments in opposition to Plaintiff's Motion.

B. <u>Plaintiff's Motion</u>

The Court may enlarge a deadline for good cause, even if the motion is made after expiration of the deadline, where the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(2). Plaintiff has demonstrated excusable neglect for failure to timely move to extend the deadline. At the time that the deadline expired, Plaintiff was not aware that she would be in need of any extension because she still did not intend to involve any expert in the case. After coming to the conclusion that an expert was necessary, however, she promptly moved this Court for such an extension.

The Court also finds that Plaintiff has shown good cause for this Court to grant the requested extension. If Plaintiff has been sexually harassed, then the assertions made in Plaintiff's Motion are not far-fetched. Victims of sexual harassment may suffer various psychological side effects, including avoidance of dealing with the emotional impact or repression of memories of sexual harassment. *See, e.g.,* Valerie Harris*, Front Pay and Sexual Harassment Cases,* 7 Wm. & Mary J. Women & L. 217, 224 (2000) (citing Lynn Eisaguirre, *Sexual Harassment: A Reference Handbook* 153 (2d. ed. 1997)). Plaintiff contends that she was unaware that she was in need of psychological assistance until she was required to come face-to-face with Defendant Rahman. As Plaintiff states, she did not believe she needed the assistance of a professional "because if she does not talk about 'it'," she can proceed "as though 'it' did not happen." Now, she is forced to do so.

Thus, if Plaintiff has suffered sexual harassment at the hands of Defendant Rahman, it is feasible that a later interaction with him may have caused emotions to resurface and a recognition that psychological help was needed. The Court finds that Plaintiff's young age at the

time of the alleged harassment, in combination with the foregoing factors, establishes good cause.  Further, because only limited discovery, if any, has transpired and no trial date has yet been set, the extension of this deadline will be of minimal prejudice to Defendants.  Defendants will also be given opportunity to depose any expert named by Plaintiff and to designate any expert of their own.

### III.  Conclusion

The Court hereby GRANTS IN PART Plaintiff's Motion.  Plaintiff will have fifteen (15) days from the date of this Order to submit her Rule 26(a)(2) expert disclosure.  Defendants shall have thirty (30) days therefrom to submit Defendants' Rule 26(a)(2) expert disclosure.  Plaintiff shall have fifteen (15) days from Defendants' Rule 26(a)(2) disclosure to designate any rebuttal expert.  The Court notes that discovery has already been extended in this case to July 20, 2007, so no additional extension is necessary.

_____/s/_____
Charles B. Day
United States Magistrate Judge
May 25, 2007

CBD:acg